| | |
|---|---|
| IN THE MATTER OF THE ) <br> SUBPOENA DUCES TECUM ) <br> IN A CIVIL ACTION ) <br> ) <br> Issued By ) <br> ) Civil Action No. _____ <br> JESSICA NORTON ) <br> ) <br> To ) <br> ) <br> BRENDA FAM ) <br> ) <br> In the Following Case: ) | |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JESSICA NORTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Civil Action No. 24-cv-61874 <br> ) <br> BROWARD COUNTY SCHOOL ) <br> BOARD, et al., ) <br> ) <br> Defendants. ) | |

## MOTION TO QUASH NONPARTY SUBPOENA
## OR FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Brenda Fam ("Movant"), by and through undersigned counsel, hereby moves this Court to quash the nonparty subpoena ("Subpoena"), attached hereto as **Exhibit A**, issued to Movant by Jessica

Norton ("Norton"), the plaintiff in the originating case. Alternatively, Movant moves this Court for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

The grounds for this motion, further set forth and explained in Movant's Brief in Support of Motion to Quash Non-Party Subpoena or for Entry of a Protective Order, are as follows:

1. Norton has not properly served Movant in compliance with Federal Rule of Civil Procedure 45(b)(1), as Norton has not delivered a copy of the Subpoena to Movant personally. Decl. of Brenda Fam, in Supp. of Movant's Mot. to Quash Nonparty Subpoena or for Entry of Protective Order ("Fam Decl."), ¶ 5, attached hereto as **Exhibit B**. Additionally, it is unclear whether and to what extent notice was given to other parties before attempted service of the Subpoena on Movant pursuant to Federal Rule of Civil Procedure 45(a)(4).

2. Norton has failed to tender a witness fee and estimated mileage to Movant as required by Rule 45(b)(1). Fam Decl. ¶ 6.

3. The Subpoena subjects Movant to an undue burden:

    a. Movant is a nonparty in Norton's unfolding litigation. Initially, she was sued in this matter in her individual capacity. [ECF 1]. However, on October 20, 2025, she was dismissed as a party, according to this Court, "mainly because [Norton] failed to allege that *any* of the Individual Defendants subjected her to an adverse employment action." [ECF 70],

2

at 12. More specifically, this Court determined that it could not "hold Fam individually responsible for the School Board's decisions because she alone was not the final decisionmaker." *Id.* at 13.

b. Nonetheless, Norton demands a deposition and host of documents—most of which are no longer in her possession and are available from other sources, including the parties to the litigation and/or the public domain. Fam Decl. ¶ 10; *see, e.g.,* Subpoena, at Request for Production No. 1 (requesting "[a]ll Documents relating to the Broward County School Board's Public Schools Professional Standards Committee's consideration of the investigation into Plaintiff.").

c. On information and belief, because Movant resigned from Defendant Broward County School Board ("School Board") on May 1, 2025, she is no longer represented by a School Board attorney in this matter, meaning that she must personally bear the costs of compliance with the Subpoena. Fam Decl. ¶ 7.

d. Norton's document requests would violate Movant's privacy interests, as she seeks highly personal communications—even, by their own terms, "private" communications—that would not be relevant to any of the outstanding claims in the underlying case. As written, the Subpoena demands communications between Movant and *anyone* (including her friends and family members) over five years that would potentially reveal

3

their and others' sexual orientations and/or gender identities, personal healthcare concerns, and their personal views on charged social and political topics. For example, Norton requests:

> **REQUEST FOR PRODUCTION NO. 3:**
> All Documents (including all messages and posts) created or shared by You on any social media platform—including, but not limited to, Facebook, Instagram, X (formerly Twitter), Tiktok, Discord, Twitch, Parler, and Telegram—whether public or private relating to any of the following:
> a. Transgender people;
> b. Gender identity;
> c. Gender dysphoria;
> d. SB 1028;
> e. Biological sex;
> f. Sex assigned at birth;
> g. Laws, regulations, or policies proposed or passed in any other state or jurisdiction relating to the participation of transgender students in school sports;
> h. Participation of transgender students in school sports;
> . . . .

Subpoena, at 6-7.

e. Needless to say, this and other requests are also impossibly broad, seeking numerous records with little if any relevance to the underlying case covering the last five (5) years. *See* Subpoena, at 3 ("You should produce material dated from June 29, 2021[,] to present.").

f. Movant is under doctor's orders to refrain from extended time looking at computer screens, requiring that she bear the expenses associated with

4

paying counsel or a specialist to search for and/or retrieve potentially responsive documents or communications. Fam Decl. ¶ 9.

4. Movant has objected to the validity of the subpoena and the breadth of the document requests. See Decl. of David R. Osborne in Support of Mot. to Quash Nonparty Subpoena or for Entry of Protective Order ("Osborne Decl.") ¶ 7, attached as **Exhibit C**.

5. For the same reasons, entering a protective order precluding document discovery would protect Movant from annoyance and undue burden or expense.

6. Further, good cause exists to enter a protective order under *Nix v. Sword*, 11 F. App'x 498 (6th Cir. 2001):[1]

    a. Disclosure will violate Movant's privacy interests, as the Subpoena seeks a host of private communications between Movant—a nonparty to the underlying litigation—and anyone else involving highly personal matters, including their and others' sexual orientations, gender identities, healthcare concerns, and opinions on charged political and social issues. Fam Decl. ¶ 12. Movant does not wish to "out" others, and the harm from doing so can be severe. See generally, Kevin L. Ard, *et al.*,

---

[1] "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix*, 11 F. App'x at 500 (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987)).

5

> *Addressing Intimate Partner Violence in Lesbian, Gay, Bisexual, and Transgender Patients*, 26 J. GEN. INTERNAL MED. 930 (2011).

   b. Movant is under doctor's orders to refrain from extended time looking at computer screens, requiring that she bear the expenses associated with paying counsel or a specialist to search for and/or retrieve potentially responsive documents or communications. Fam Decl. ¶ 9.

   c. Norton is seeking information for an improper purpose: an apparent fishing expedition to harass Movant and secure private information on others around Movant.

   d. The sharing of information by Movant will not promote fairness or efficiency. Movant is a nonparty who was improperly served, with no remaining rational connection to the underlying litigation and little if any access to official documents sought by Norton, which are elsewhere available to Norton. Yet Norton continues to seek information directly from Movant.

7. Norton's failure to comply with Federal Rule of Civil Procedure 45(d)(1) displays a lack of concern for the burden and expense the Subpoena imposes on Movant. Norton's refusal to take reasonable steps to avoid imposing such burdens and expenses on Movant require this Court to impose an appropriate sanction on Norton. *See* Fed R. Civ. P. 45(d)(1)("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may

6

include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.").

Respectfully submitted,

Dated: February 13, 2026  /s/ Andy Wilson
Andy Wilson (BPR 040532)
HOLTZMAN VOGEL BARAN TORCHINSKY &
JOSEFIAK PLLC
1221 Broadway, Suite 2100
Nashville, TN 37203
Telephone: 615-981-1041
Email: awilson@holtzmanvogel.com

David R. Osborne (*pro hac vice pending*)
Fla. Attorney I.D. No. 70186
GOLDSTEIN LAW PARTNERS, LLC
1200 Riverplace Blvd., Suite 105-1110
Jacksonville, Florida 32207
Telephone: 610-949-0444
Email: dosborne@goldsteinlp.com

*Counsel for Movant Brenda Fam*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on February 13, 2026, I served the foregoing on Defendants' counsel of record listed below via electronic mail:

Jason A. Ross
ARNOLD & PORTER
601 Massachusetts Ave., NW
Washington, DC 20001
jason.ross@arnoldporter.com

                                             */s/ Andy Wilson*
                                             Andy Wilson

                                             *Counsel for Movant Brenda Fam*