# UNITED STATES DISTRICT COURT

### for the
Southern District of Florida

*Jan. 15   12:50 Pm*
*JH.*

| | |
|---|---|
| Jessica Norton | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 0:24-cv-61874-RKA |
| Broward County School Board, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Brenda Fam
              231 GREEN HARBOR RD, UNIT 129, OLD HICKORY, TN 37138

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached, Schedule A to Subpoena to Non-Party Brenda Fam.

| Place: Veritext | Date and Time: |
|---|---|
| 1 Vantage Way Suit D-115 Nashville TN 37228 | 02/17/2026 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/15/2026

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jason Ross |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jessica Norton
_____ , who issues or requests this subpoena, are:

Jason Ross, 601 Massachusetts Ave, NW, Washington, DC 20001 I jason.ross@arnoldporter.com I 202.942.5425

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 0:24-cv-61874-RKA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

            _____
                      *Server's signature*

            _____
                      *Printed name and title*

            _____
                      *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As | Add Attachment | | Reset |
|---|---|---|---|---|

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

JESSICA NORTON,

        Plaintiff,

        v.

BROWARD COUNTY SCHOOL BOARD, *et al.*,

        Defendants.

Civil Action No. 24-61874
Hon. Roy K. Altman
Magistrate Judge: Hon. Patrick M. Hunt

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT** Plaintiff Jessica Norton, by and through her undersigned attorneys, serves the attached subpoena for the production of documents on Brenda Fam pursuant to Federal Rule of Civil Procedure 45. Please take further notice that Ms. Norton requests that Ms. Fam produce the documents described in Schedule A to the subpoena, attached hereto, within thirty (30) days of service.

DATED: January 15, 2026

Respectfully submitted,

By: */s/ Jason Ross*
Jason A. Ross
Fla. Bar No. 59466
Jason.Ross@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Ada V. Añon (admitted pro hac vice)
Leah J. Harrell (admitted pro hac vice)

Ada.Anon@arnoldporter.com
Leah.Harrell@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Cynthia Weaver (admitted pro hac vice)
Ami Patel (admitted pro hac vice)
Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 568-5762
Cynthia.Weaver@hrc.org
Ami.Patel@hrc.org

*Counsel for Plaintiff Jessica Norton*

## SCHEDULE A TO SUBPOENA TO NON-PARTY BRENDA FAM

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

A.     The term "action" refers to the above-captioned litigation.

B.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within scope any Document which might otherwise be construed outside the scope.

C.     The term "any" includes "all" and vice versa, and the term "each" includes "every" and vice versa.

D.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) regardless of form, including without limitation all correspondence, telephone conversations, memoranda, discussions, meetings, reports, emails, text messages, messages or images posted, sent or received on any social media platform, letters, invoices, oral requests for information, and contracts.

E.     The terms "concerning," "related to," or "relating to" means directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting on, concerning, discussing, consisting of, arising out of, impacting upon, affecting, responding to, explaining, showing, indicating, describing, analyzing, reflecting, constituting, or in any way or matter, directly or indirectly, in whole or in part, are legally, factually, or logically connected with the matter referenced.

F.     The term "document" means any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in, upon, or from which information may be

embodied, translated, conveyed, or stored as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether or not labeled "confidential." A draft or non-identical copy is a separate Document within the meaning of this term. "Document" further refers to any Document or draft of a Document now or at any time in Your possession, custody, or control. A person is deemed in control of a Document if the person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy of it from any person or public or private entity having physical possession of it.

      G.     The term "including" means "including but not limited to," and the term "includes" means "includes but is not limited to."

      H.     The term "metadata," in connection with a request for ESI, shall mean information that describes the history, tracking, or management of an electronic file containing requested data, including but not limited to the following: file name, title, size, location, path, creation date, subject, author, comments, modification date, revision number, last print date, date of last data access, date of last metadata modification, last save time, total editing time, and file permissions.

      I.     The term "person" means any natural person, corporation, partnership, company, joint venture, trust, agency, governmental agency or department, and any other business, governmental, legal, for-profit, or nonprofit organization, association, or entity.

      J.     The term "Plaintiff's child" refers to D.N, the plaintiff in *D.N. et al v. Florida State Board of Education, et al.*, Case No. 21-61344-CIV-ALTMAN/Hunt, United States District Court Southern District of Florida.

      K.     The term "policy" means any policy, procedure, rule, protocol, guideline, regulation, practice, or other principle or course of action.

L.     The term "SB 1028" means Fla. Stat. § 1006.205, colloquially referred to as the Fairness in Women's Sports Act of "FWSA."

M.     The term "SIU" means the Broward County Special Investigations Unit and refers generally to any employees thereof.

N.     The terms "You" and "Your" means Brenda Fam, Member of the Broward County School Board, in Your individual capacity, and each person acting or purporting to act on your behalf or under your control.

## GENERAL INSTRUCTIONS

A.     Rule 45 of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 26.1 shall apply to all requests for documents herein.

B.     If a Document request is silent as to the time period for which information is sought, You should produce material dated from June 29, 2021 to present.

C.     This subpoena requires you to produce all information called for in each category below within the scope of the definitions set forth herein that is within Your possession, custody, or control, as well as all information within the possession, custody, or control of anyone acting on Your behalf including, but not limited to, Your agents, representatives, employees, officers, directors, and attorneys.

D.     Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

E.     Information produced in response to this subpoena shall be produced as it is kept in the ordinary course or shall be organized and labeled to correspond with the listed categories.

-3-

Documents or Communications attached to each other consisting of multiple pages must not be separated. If any responsive Document or Communication is no longer in existence, cannot be located or is not in Your possession, custody, or control, then identify the Document or Communication, describe its subject matter, and describe its disposition, including, without limitation, identifying the person having knowledge of the disposition. Each request seeks production of all Documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in Your files or the files of any person subject to Your control, together with a copy of the descriptive file folder or database category.

F.     You are requested to produce electronic or magnetic data (electronically stored information or "ESI") responsive to these requests in its native format, including all metadata pertaining to the files that contain such data, as follows:

     a.   Documents created using Microsoft Word must be produced as .doc or .docx files;

     b.   Documents created using Microsoft Excel must be produced as .xls or .xlsx files;

     c.   emails must be produced as .msg or .pst files;

     d.   social medial posts must be produced as .pdf files; and

     e.   other types of Documents should be produced using their native file format.

G.     All Requests are to be read so as to give the question the broadest possible meaning, so that, for example, when either of the terms "and" or "or" is used, it is to be construed as "and/or."

H.     Each Request contemplates production of all Documents in their entirety. If only a portion of a Document is responsive to one or more Requests, the Document shall be produced in

its entirety. Each Request shall be construed independently, and no Request shall be construed to limit any other Request.

I.     In responding to these Requests, include Documents obtained on Your behalf by Your counsel, employees, agents, or any other persons acting on Your behalf. If Your response is that the Documents are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such Document. If Your response is that Documents are not under Your control, identify who has control and the location of the Documents. If any Document was, but no longer is, in Your possession, custody or subject to Your control, include a statement: (i) identifying the Document; (ii) describing where the Document is now; (iii) identifying who has control of the Document; (iv) describing how the Document was transferred; and (v) identifying each of those persons responsible for having knowledge of the transfer of the Document from Your possession, custody, or control.

J.     If You or Your counsel assert that any information responsive to any Document request is privileged or otherwise protected from discovery, You are to comply with the requirements of Federal Rule of Civil Procedure 45(e) as to each Document, Communication, thing, or piece of information for which a claim of privilege or protection from discovery is made.

K.     Attached to this subpoena as **Exhibit A** is a copy of the Stipulated Protective Order (ECF No. 82) entered in this Action. Documents produced pursuant to this subpoena may be produced in accordance with the terms of the protective order, which provides for Confidential designations.

-5-

# DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents relating to the Broward County School Board's Public Schools Professional Standards Committee's consideration of the investigation into Plaintiff.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to *D.N. et al v. Florida State Board of Education, et al.*, Case No. 21-61344-CIV-ALTMAN/Hunt, United States District Court Southern District of Florida.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents (including all messages and posts) created or shared by You on any social media platform—including, but not limited to, Facebook, Instagram, X (formerly Twitter), Tiktok, Discord, Twitch, Parler, and Telegram—whether public or private relating to any of the following:

   a.  Transgender people;

   b.  Gender identity;

   c.  Gender dysphoria;

   d.  SB 1028;

   e.  Biological sex;

   f.  Sex assigned at birth;

   g.  Laws, regulations, or policies proposed or passed in any other state or jurisdiction relating to the participation of transgender students in school sports;

   h.  Participation of transgender students in school sports;

   i.  The SIU's investigation into Plaintiff;

   j.  The Florida Department of Education's investigation into Plaintiff;

-6-

k. The Broward County School Board's consideration of Plaintiff's recommended discipline;

l. Broward County School Board meetings where Plaintiff's discipline was discussed;

m. This Action;

n. *D.N. et al v. Florida State Board of Education, et al.*, Case No. 21-61344-CIV-ALTMAN/Hunt, United States District Court Southern District of Florida;

o. Plaintiff;

p. Plaintiff's child.

## REQUEST FOR PRODUCTION NO. 4:

All Documents, including Your notes, relating to the decision to remove consideration of Plaintiff's discipline from the agenda for the May 21, 2024 School Board meeting.

## REQUEST FOR PRODUCTION NO. 5:

All Documents, including Your notes, relating to the decision to remove consideration of Plaintiff's discipline from the agenda for the June 18, 2024 School Board meeting.

## REQUEST FOR PRODUCTION NO. 6:

All Documents relating to the decision to renew Plaintiff's employment contract, as approved at the June 18, 2024 School Board meeting.

## REQUEST FOR PRODUCTION NO. 7:

All Documents provided to You relating to the SIU's investigation into Plaintiff.

## REQUEST FOR PRODUCTION NO. 8:

All Documents considered by You in connection with the Broward County School Board's decision concerning discipline of Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to Plaintiff or Plaintiff's child.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents (including messages) relating to Your July 27, 2024 Facebook post in which you requested that individuals "reach out and don't suffer in silence."

**REQUEST FOR PRODUCTION NO. 11:**

All Documents in Your possession during the July 30, 2024 School Board meeting.

**REQUEST FOR PRODUCTION NO. 12:**

All notes You took during the July 30, 2024 School Board meeting.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

JESSICA NORTON,

                    Plaintiff,                          Civil Action No. 24-61874
                                                        Hon. Roy K. Altman
          v.

BROWARD COUNTY SCHOOL BOARD,
*et al.*,

                    Defendants.

---

### STIPULATED PROTECTIVE ORDER

This matter is before the Court on the parties' Joint Motion for Entry of a Stipulated Protective Order. The Court has reviewed the motion along with the Proposed Order and finds that good cause exists to protect from disclosure certain confidential information pursuant to Federal Rule of Civil Procedure 26(c). Therefore, it is hereby ORDERED that:

1. **General Rule.** This Protective Order shall govern the treatment of Discovery Material produced in this case, regardless of whether the producing person is a party or nonparty to the case.

2. **"Discovery Material" Defined.** "Discovery Material" means initial and supplemental disclosures, deposition testimony, answers to interrogatories, documents or records in any form including electronically stored information (whether in response to a request for production or a subpoena), responses to requests for admission, records associated with any examination of any kind, and any record of testimony including transcripts and audio and/or visual recordings.

3. **Sensitive and Personally Identifying Information Defined.** SPII includes (i) personal identifiers such as Social Security number or biometric record of any individual; (ii) any "Personally Identifiable Information" (as defined in 34 C.F.R. § 99.3 in effect on the date of this Order) of a school parent or child; (iii) any "Individually Identifiable Health Information" (as defined in 45 C.F.R. § 160.103 in effect on the date of this Order);

4. **Treatment of SPII.** Parties may withhold SPII from produced documents including by applying redactions where only portions of documents contain SPII.

5. **"Confidential Information" Defined.** Confidential Information includes any document or response to discovery which that party or non-party considers in good faith to contain (i) personal information concerning minors, including, but not limited to, the name of a minor child, their parent, their address (past or present), and other indirect identifiers such as date of birth, place of birth, mother's maiden name, and past or present school, teachers, or coaches; (ii) any information that the parties agree should be treated as Confidential Information, through (a) a stipulation signed by counsel for the parties, or (b) oral agreement by counsel for the parties made on the record and transcribed stenographically; (iii) any information that the Court may subsequently order to be treated as Confidential Information under this Order, for good cause shown, after consideration of a motion or application by one of the parties.

6. **Mechanics of Identifying and Producing Confidential.**

       Discovery Material will be designated as Confidential through the following means:

**EXHIBIT A**

a. Production. A person providing Discovery Material containing Confidential Information will stamp or otherwise clearly mark or affix the words "CONFIDENTIAL" on or to each page or digital image that contains protected material or to the cover page of bound or grouped Discovery Material in a manner that will not interfere with legibility or audibility. Discovery Material shall be designated as Confidential before or at the time of the production, disclosure, or conveyance of the information. Production of Discovery Material without such a stamp or mark shall not be deemed a waiver, in whole or in part, of the right to designate the Discovery Material as Confidential Information, as otherwise allowed by Paragraph 6 this Order.

b. In the event a Party produces Discovery Material that the non-producing Party deems Confidential, the non-producing Party reserves the right to designate that Discovery Material as Confidential within 30 days. Failure to so designate Discovery Material shall not be deemed a waiver, in whole or in part, of the right to designate the Discovery Material as Confidential Information.

c. Third Party Productions. With respect to Discovery Material obtained from non-parties, the following procedure shall apply:

A party subpoenaing Discovery Material from a non-party shall issue the notice required by Federal Rule of Civil Procedure 45(a)(4) with copies of the proposed subpoena(s).

Within 30 days after receipt of Discovery Material from a non-party pursuant to a subpoena, the receiving party shall mark any Discovery Material

-3-

containing Confidential Information as set forth above and serve such Discovery Materials as marked on all other parties.

7. The parties agree that, as of the date of this Order, a standing request for copies exists as to each party for all Discovery Material received by any party under subpoena.

8. **Designation During Depositions and Hearings.** If Confidential Information is disclosed during a deposition or hearing either a party or the person providing the information may identify the information as Confidential Information by:

    a. Instructing the court reporter during the deposition or hearing to treat specified testimony or other disclosure as Confidential Information, in which case the court reporter will label each page of the transcript that contains Confidential Information with the words "CONFIDENTIAL"; or

    b. Labeling transcript pages containing Confidential Information with the words and providing a copy of the labeled transcript to opposing counsel and the court reporter within ten calendar days after receipt of the transcript.

9. **Objections to Designation.** Any designation of Discovery Material as Confidential Information is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving that the Discovery Material is Confidential rests with the party asserting confidentiality.

    b. A party who contends that any Discovery Material is not entitled to designation as Confidential Information shall give written notice to the party who affixed the designation of the specific basis for the challenge and shall make good faith

-4-

efforts to determine whether the dispute can be resolved without judicial intervention before seeking an Order overruling the designation.

c. Notwithstanding any challenge to the designation, the Discovery Material at issue shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    i. the party who claims that the Discovery Material is confidential withdraws the designation in writing; or

    ii. the Court rules that the Discovery Material is not entitled to protection as Confidential Information.

d. Challenges to a confidentiality designation may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10. **Handling of Documents.** Whenever any document designated as Confidential Information is identified as an exhibit in connection with testimony given in a deposition, it shall be marked as required by Paragraph 2(a) of this Order.

11. **Authorized Recipients of Confidential Information.** The following persons are authorized to receive Confidential Information:

a. the Court and court personnel;

b. court reporters, videographers, and associated technicians in any discovery or other proceeding in this litigation;

c. counsel of record for the parties;

d. attorneys associated with counsel of record for the parties;

    e.   support staff for counsel of record for the parties and associated attorneys, including paralegals and legal assistants; and

    f.   the following persons, if such disclosure is necessary to allow counsel fully and fairly to represent the party or parties that they represent, and subject to the requirements of Paragraph 5(c) and 5(d):

        i.   Experts (whether testifying or consulting) retained by counsel of record for the parties;

        ii.   School district officials or employees. Information disclosed to school district officials or employees pursuant to this paragraph will be considered Confidential Information, and will not be disclosed by the school district official or employee to any other person not subject to the terms of the Stipulation and Protective Order;

        iii.   In-house counsel (including general counsel) of a party, admitted to practice law in the State of Florida and directly and personally involved in the representation of such party in this case;

        iv.   Professional vendors retained by counsel of record for the parties to provide litigation support services (e.g., photocopying, document management);

    g.   Deposition and trial witnesses in this case, to the extent necessary during or in preparation for their testimony; and

    h.   Licensed private investigators retained by counsel of record for the parties.

**12. Use and Protection of Confidential Information.**

    a.   General Rule.

    i.  Each person who is authorized under Paragraph 11 of this Order to receive information or documents designated as Confidential Information under this Order may not disclose such information to anyone other than persons who are authorized to receive it in Paragraph 4. Such persons may use Confidential Information produced in this case solely for purposes of this litigation;

   ii.  Provided, however, that this Order is not intended to prevent a person authorized under Paragraph 11(f)(ii) or (iii) from using regularly maintained educational records as a part of their regular employment in the ordinary course of their business and in compliance with the Family Educational Rights and Privacy Act.

13. **Storage.** Documents containing Confidential Information must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

14. **Acknowledgement of Order By Certain Persons.** Each person who receives Confidential Information under Paragraph 11(f) of this Order must read this Order, sign a copy of the attached Certification and Acknowledgment of Protective Order (Appendix A), and provide such signed copy to counsel of record for the party providing such information. Counsel of record shall, upon request, and except in the case of experts whose identities are protected from disclosure, provide to counsel of record for any other party a copy of each signed agreement so provided, and shall maintain a copy of each signed agreement until the date by which Confidential Information must be destroyed or returned pursuant to Paragraph 22(b) of this Order.

15. **Notification Before Disclosure to Certain Persons.** Before disclosing any Discovery Material designated as Confidential Information to any person under Paragraph 11(f)(ii) of this Order, a receiving party must notify counsel for the producing party by email.

   a. Such notification must provide the name, title, and business address of the recipient.

   b. If the designating party timely seeks a protective order, the receiving party shall not produce any Confidential Information to the official until the Court has had an opportunity to consider the parties' respective positions and provide instructions.

   c. A request for a protective order shall be deemed timely if sought within five (5) calendar days after the written notice required by this provision is provided.

16. **Filing Under Seal.** If a party wishes to use Confidential Information in any motions, affidavits, memoranda of law, exhibits to motions, or other papers filed with the Court in this case, then such party (a) shall redact any Confidential Information; and (b) may, in accordance with the procedures that govern the filing of sealed documents on the ECF system, file under seal uncoded and unredacted copies of all papers that contain coding or redactions. Counsel for a party filing any papers under seal pursuant to this paragraph shall contemporaneously provide the other parties with a courtesy copy of the entire uncoded and unredacted filing as provided to the Court under seal. If documents are not filed under seal and the Court wishes to review uncoded or unredacted copies of documents that contain coding or redactions, the Court may review such documents in camera or order that the uncoded or unredacted documents

containing Confidential Information be filed under seal in compliance with this paragraph.

17. **Use At A Hearing or Trial.** A party that intends to present Confidential Information designated by another party at a hearing or trial shall bring that issue to the attention of the Court and the producing parties without disclosing the information. Discovery Material designated as Confidential Information will not be disclosed in open court but may be disclosed only (i) if redacted to omit Confidential Information or coded to substitute initials for the name of any minor; (ii) in chambers, when only persons enumerated in Paragraph 4 of this Order are present, (iii) at a hearing or trial closed to the public and open only to persons enumerated in Paragraph 4 of this Order, or (iv) as otherwise directed by the Court. The Court may make such additional orders as are necessary, including, in its discretion, instructing the court reporter to separately transcribe the corresponding testimony and place the following words on the cover of the transcript: "This transcript contains information subject to a Protective Order and shall be used only in accordance therewith."

18. **Legal Advice Not Forbidden.** This Order does not restrict any attorney who is a qualified recipient under the terms of Paragraph 11 of this Order from rendering advice to a client that is a party to this action, and in the course thereof, from generally relying on any material described in this Order. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the content of any protected information where such disclosure would not otherwise be permitted under the terms of this Order.

-9-

19. **Failure to Designate Confidential Information.**  A party who produces but fails to designate an item as Confidential Information may later so designate the material. Such a later designation will be made in writing and must be made within ten days after the producing party learns of the need to designate the material. Any correction and notice of the correction shall be accompanied by substitute copies of each item, properly marked with a suitable confidentiality designation. Upon receipt of such notice, the receiving party will thereafter treat the item in accordance with the designation. Within 10 calendar days after receipt of substitute copies of the Discovery Material, the receiving party shall (i) destroy or return to counsel for the producing party all undesignated copies of such Discovery Material, and (ii) provide a copy of this Order and written notice of the corrected designation to any third parties who previously received the material.

20. **Protected Information Subpoenaed, Ordered, or Required by Law to Be Produced.**

    a. If a receiving party or its counsel is required by law to use or disclose any Confidential Information for a purpose other than resolution of this action, or is served with a subpoena, order, or request by any court, administrative agency, legislative body, government officer, or other person for disclosure of any Confidential Information, the receiving party must:

        i. promptly notify in writing counsel for the designating party by email. Such notification must include a copy of the subpoena, order, or request, if applicable and to the fullest extent permitted by law;

-10-

      ii.   promptly notify in writing the party who caused the subpoena, order, or request to issue that some or all of the material is subject to this Order. Such notification shall include a copy of this Order; and

     iii.   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected information may be affected.

b.   The foregoing obligations shall apply to any request made by way of a legal or administrative action or pursuant to Florida's Public Records Act, the Florida's Sunshine Law, or similar law. See, e.g., Art. I, § 24, Fla. Const.; Ch. 119, Fla. Stat.

c.   If the designating party timely seeks a protective order from this Court, the receiving party shall not produce any such Confidential Information until the Court considered the parties' respective positions and provide instructions. A request for a protective order shall be deemed timely if sought within ten (10) calendar days after the written notice required by Paragraph 20(a) is provided.

21. **Inadvertent Disclosure.** If Discovery Material designated as Confidential Information is inadvertently disclosed to an individual who is not an authorized recipient under Paragraph 11 of this Order, then the party that made the disclosure shall, upon learning that the disclosed Discovery Material was designated as Confidential Information:

a.   Promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this Order;

b.   Promptly make all reasonable efforts to retrieve all copies of the Confidential Information from, and preclude dissemination or use by, the person or entity to whom disclosure was inadvertently made; and

-11-

c.  Promptly notify the producing party of the inadvertent disclosure, the circumstances of the disclosure, and the steps taken to retrieve and prevent the dissemination or use of the Confidential Information.

22. **Duration of this Order.**  The terms of this Order shall remain in full force and effect throughout and after the final resolution of this action, including until all avenues of appellate review have been exhausted, the time to seek such review has expired, or the parties in this action have reached a final settlement of all pending claims between them ("Final Resolution"). This Order may be modified, amended, or supplemented by order of the Court for good cause shown.

a.  After the Final Resolution of this litigation, this Order will remain in full force and effect, and each person who has received Confidential Information will continue to comply with and be bound by this Order. The Court retains jurisdiction to enforce this Order after the Final Resolution of this litigation.

b.  Upon Final Resolution and no later than sixty (60) days after the producing party's request, counsel and the parties will use commercially reasonable efforts to either destroy or return all copies of Confidential Information (including document productions and summaries thereof) to counsel for the producing party, and will certify to the producing party that such destruction or return has been completed.

c.  The termination of this litigation will not relieve any persons or parties provided with Confidential Information of their obligations under this Order.

-12-

23. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that the information requires greater protection than this Order affords unless the party moves for an Order providing such special protection.

24. **Violation and Injunctive Relief.** If the producing party believes that this Order has been violated, then the producing party may file a motion for injunctive relief to restrict or prevent any disclosure, or to recover any documents that were disseminated contrary to this Order, or for such other relief as may be just and proper.

25. **Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery, and Plaintiff may rely on this Order in producing material protected by this Order. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated by counsel as Confidential Information is subject to protection, except to the extent provided in this Order, until the Court makes a document-specific ruling in a written Order.

26. **Modification.** This Order may be modified, amended, or supplemented by order of the Court for good cause shown. A party may file a motion for modification of, or relief from, this Order after conferring with counsel as required by the Local Rules.

**DONE AND ORDERED** in Fort Lauderdale, Broward County Florida, on December 1, 2025.



PATRICK M. HUNT
United States Magistrate Judge

-13-

APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

JESSICA NORTON,

          Plaintiff,

        v.

BROWARD COUNTY SCHOOL BOARD,
*et al.*,

          Defendants.

Civil Action No. 24-61874
Hon. Roy K. Altman

**AGREEMENT CONCERNING CONFIDENTIALITY**

    I, _____, am employed by _____ in the position of _____. I certify as follows:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

3. I understand that my failure to abide by the terms of this Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____, 20___     Signed: _____

-14-