# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JESSICA NORTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BROWARD COUNTY SCHOOL BOARD, et al.,<br><br>　　　　Defendants. | **Case No. 24-cv-61874-ALTMAN**<br><br>**DECLARATION OF BRENDA FAM IN SUPPORT OF MOTION TO QUASH NONPARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER** |

I, Brenda Fam, pursuant to section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am currently residing in Tennessee and am not a party to the above-captioned civil action filed by Plaintiff Jessica Norton ("Norton"). However, I have personal knowledge of the following and, if called as a witness, could testify to the following:

2. On May 1, 2025, I resigned as a member of Defendant Broward County School Board ("School Board").

3. I was initially sued in this civil action in my individual capacity but, on October 20, 2025, was dismissed as a party by order of this Court.

4. I no longer have access to any official School Board records. Upon my resignation in May 2025, I turned in my School Board-issued electronic devices.

5. On or about January 15, 2026, Norton attempted to serve me with a deposition subpoena at my personal residence. A true and correct copy of the subpoena

("Subpoena") is attached as Exhibit A to my Motion to Quash Nonparty Subpoena or for Entry of Protective Order. This Subpoena was hand-delivered by a process server to my husband with no explanation.

6. No witness fee or estimated mileage reimbursement was included with the Subpoena.

7. I am no longer represented by a School Board-provided attorney, meaning that I will likely bear the entire time and expense of compliance with Norton's Subpoena.

8. To adequately respond to Norton's document requests—many of which are subject to a five (5) year look-back time period—I would not only have to search all of my personal records but would have to access various social media platforms and conduct a comprehensive search of *all* messages and posts—public or private, to *anyone*—pertaining to a range of topics tangential at best to Norton's litigation.

9. I am under doctor's orders to refrain from extended time looking at computer screens. Therefore, I would have to enlist an attorney or document discovery contractor to recover electronic and personal files, again, at my own expense.

10. Most of the documents requested by Norton would be more readily available from parties to this case. For example, Norton seeks documents relating to the School Board's Public Schools Professional Standards Committee, the School Board's decisions on Norton's discipline, the School Board's decision to renew Norton's employment contract, and the SIU's investigation into Norton.

11. Certain documents requested by Norton should already be in her possession, such as disciplinary and investigative records, and still others are publicly available online, such as my social media posts.

12. Otherwise, communications likely to be responsive to Norton's requests are likely to be private—but not relevant to Norton's litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 2, 2026

*Brenda Fam*