# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA NORTON,<br><br>Plaintiff,<br><br>v.<br><br>BROWARD COUNTY SCHOOL BOARD, et al.,<br><br>Defendants. | Case No. _____<br><br>Originating Court: S.D. Fla.<br>Originating Case No.: 24-cv-61874<br><br>**DECLARATION OF DAVID R. OSBORNE IN SUPPORT OF MOTION TO QUASH NONPARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER** |

I, David R. Osborne, pursuant to section 1746 of the Judicial Code, 28 U.S.C. § 1746, declare as follows:

1. I am lead counsel for Brenda Fam ("Movant"), have personal knowledge of the following and, if called as a witness, could testify to the following:

2. On February 2, 2026, I attempted to contact Plaintiffs' counsel by phone to discuss the subpoena his client attempted to serve on Movant. Plaintiffs' counsel did not return my phone call.

3. On February 3, 2026, I emailed Plaintiffs' counsel and asked him to contact me to discuss the subpoena his client attempted to serve on Movant.

4. On February 4, 2026, I delivered timely written objections to the subpoena *duces tecum* served upon Movant. See Ex. C-1, attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 4, 2026         *s/ David R. Osborne*
                                David R. Osborne
                                Fla. Attorney I.D. No. 70186
                                Email: dosborne@goldsteinlp.com
                                Goldstein Law Partners, LLC
                                1200 Riverplace Blvd., Suite 105-1110
                                Jacksonville, Florida 32207
                                Telephone: 610-949-0444
                                Facsimile: 215-257-1910

Exhibit C-1

EXHIBIT C

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Jessica Norton,<br><br>    Plaintiff,<br><br>v.<br><br>Broward County School Board, et al.,<br><br>    Defendants. | **Case No. 24-cv-61874-ALTMAN**<br><br>**BRENDA FAM'S OBJECTIONS TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION** |

Brenda Fam ("Ms. Fam"), by and through her undersigned attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, objects to Plaintiff's Subpoena to Testify at a Deposition in a Civil Action ("Subpoena"), as follows:

## PRELIMINARY STATEMENT

1. Ms. Fam's own investigation and search for documents relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Ms. Fam's right to rely on other facts or documents at or in deposition.

2. By making the accompanying responses and objections to Plaintiff's Subpoena, Ms. Fam does not waive, and hereby expressly reserves, her right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Ms. Fam makes the objections herein without in any way implying that she considers the document requests and her responses thereto relevant or material to the subject matter of this action.

3. Ms. Fam will produce responsive documents only to the extent that such documents are in her possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Ms. Fam's possession, custody, or control does not include any constructive possession that may be conferred by Ms. Fam's right or ability to compel

1

the production of documents or information from third parties.

4. A response to a document request stating objections shall not be deemed or construed that there are, in fact, responsive documents, that Ms. Fam performed any of the acts described in the document request, definitions, or instructions applicable to the document request, or that Ms. Fam acquiesces in the characterization of the conduct or activities contained in the document request, definitions, or instructions applicable to the document request.

5. Ms. Fam expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents including, but not limited to, news stories, court papers, and/or documents available on the Internet will not be reproduced. Responsive documents known or reasonably believed to be in the possession of Plaintiffs will also not be produced.

## GENERAL OBJECTIONS

7. Plaintiff has failed to effect personal service on Ms. Fam as required by Rule 45(b)(1). *See Cabinets to Go, LLC v. Qingdao Haiyan Real Est. Grp. Co.*, No. 3:21-CV-00711, 2023 WL 3922641, at *2 (M.D. Tenn. Mar. 1, 2023).

8. Plaintiff has failed to tender a witness fee and estimated mileage to Ms. Fam as required by Rule 45(b)(1). *See United States v. Harris*, 433 F. App'x 383, 386 (6th Cir. 2011).

9. Plaintiff has failed to state the method for recording Ms. Fam's testimony, as required by Rule 45(a)(1)(B).

10. Compliance with the Subpoena would represent a significant burden and expense for Ms. Fam, in part because she is under a physician's orders not to spend excessive time on computer screens. Thus far, Plaintiff's counsel has not been willing to accommodate Ms. Fam's need for financial assistance necessary to comply with the

Subpoena.

## OBJECTIONS TO DEFINITIONS

11. Ms. Fam objects to Plaintiff's definition of "COMMUNICATION" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Ms. Fam further objects to Defendants' definition of "COMMUNICATION" to the extent that it calls for documents/communications protected from disclosure by the attorney-client, attorney work product, joint-client, common interest, and/or any other applicable privilege.

12. Ms. Fam objects to Defendants' definition of "DOCUMENT" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Ms. Fam further objects to Defendants' definition of "DOCUMENT" to the extent that it calls for documents protected from disclosure by the attorney-client, attorney work product, joint-client, common interest, and/or any other applicable privilege

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

All Documents relating to the Broward County School Board's Public Schools Professional Standards Committee's consideration of the investigation into Plaintiff.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that the terms of Plaintiff's investigation would not be reasonably calculated to lead to the discovery of admissible evidence relevant to

3

Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Plaintiff through a party to this action.

**REQUEST NO. 2:**

All Documents relating to *D.N. et al v. Florida State Board of Education, et al.*, Case No. 21-61344-CIV-ALTMAN/Hunt, United States District Court Southern District of Florida.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested communications.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Plaintiff through a party to this action.

**REQUEST NO. 3:**

All Documents (including all messages and posts) created or shared by You on any social media platform—including, but not limited to, Facebook, Instagram, X (formerly Twitter), Tiktok, Discord, Twitch, Parler, and Telegram—whether public or private relating to any of the following

    a. Transgender people;

4

b. Gender identity;
c. Gender dysphoria;
d. SB 1028;
e. Biological sex;
f. Sex assigned at birth;
g. Laws, regulations, or policies proposed or passed in any other state or jurisdiction relating to the participation of transgender students in school sports;
h. Participation of transgender students in school sports;
i. The SIU's investigation into Plaintiff;
j. The Florida Department of Education's investigation into Plaintiff;
k. The Broward County School Board's consideration of Plaintiff's recommended discipline;
l. Broward County School Board meetings where Plaintiff's discipline was discussed;
m. This Action;
n. *D.N. et al v. Florida State Board of Education, et al.*, Case No. 21-61344-CIV-ALTMAN/Hunt, United States District Court Southern District of Florida;
o. Plaintiff;
p. Plaintiff's child.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested communications.

Ms. Fam further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that Ms. Fam's social media posts and messaging

5

would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

Ms. Fam also objects on the basis that this document request potentially calls upon Ms. Fam to disclose a host of private communications unrelated to this lawsuit and to expose her and others' personal health information without justification.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 4:**

All Documents, including Your notes, relating to the decision to remove consideration of Plaintiff's discipline from the agenda for the May 21, 2024 School Board meeting.

**RESPONSE:**

Ms. Fam objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Plaintiff through a party to this action.

**REQUEST NO. 5:**

All Documents, including Your notes, relating to the decision to remove consideration of Plaintiff's discipline from the agenda for the June 18, 2024 School Board meeting.
**RESPONSE:**

Ms. Fam objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Plaintiff through a party to this action.

**REQUEST NO. 6:**

All Documents relating to the decision to renew Plaintiff's employment contract, as approved at the June 18, 2024 School Board meeting.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Plaintiff through a party to this action.

**REQUEST NO. 7:**

All Documents provided to You relating to the SIU's investigation into Plaintiff.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that all documents, if any, related to the SIU's investigation would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

7

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 8:**

All Documents considered by You in connection with the Broward County School Board's decision concerning discipline of Plaintiff.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that the terms of Plaintiff's investigation would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 9:**

All Documents relating to Plaintiff or Plaintiff's child.

**RESPONSE:**

8

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 10:**

All Documents (including messages) relating to Your July 27, 2024 Facebook post in which you requested that individuals "reach out and don't suffer in silence."

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that discovery of Ms. Fam's post and related messages, in any, would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

9

**REQUEST NO. 11:**

All Documents in Your possession during the July 30, 2024 School Board meeting.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that discovery of "all Documents," in any, would not be reasonably calculated to lead to the discovery of admissible evidence relevant to Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

**REQUEST NO. 12:**

All notes You took during the July 30, 2024 School Board meeting.

**RESPONSE:**

Ms. Fam objects to this document request as irrelevant, overly broad, and unduly burdensome because this request is open-ended and lacks any reasonable, relevant, and/or well-defined look-back or look-forward period time limitations on the requested documents.

Ms. Fam further objects to this document request as irrelevant, overly broad, and unduly burdensome on the basis that discovery of "all notes," in any, would not be reasonably calculated to lead to the discovery of admissible evidence relevant to

10

EXHIBIT C

Plaintiff's claims, which allege various First Amendment and federal statutory violations by the Broward County School Board.

Ms. Fam also objects to this document request on the basis that Plaintiff and Defendants are likely to be in possession of the documents requested and, as such, it is unduly burdensome to require Ms. Fam to produce documents already available to Defendants through a party to this action.

|  |  |
|---|---|
|  | GOLDSTEIN LAW PARTNERS, LLC |
| Dated: February 12, 2026 | *s/ David R. Osborne*<br>**David R. Osborne**<br>Florida Bar No. 70186<br>Email: dosborne@goldsteinlp.com<br>Goldstein Law Partners, LLC<br>1200 Riverplace Blvd., Suite 105-1110<br>Jacksonville, FL 32207<br>Telephone: 610-949-0444<br>Facsimile: 215-257-1910<br>*Counsel for Brenda Fam* |

# CERTIFICATE OF SERVICE

I, the undersigned, certify that on February 12, 2026, I served the foregoing on Defendants' counsel of record listed below via electronic mail:

Jason A. Ross
Arnold & Porter
601 Massachusetts Ave., NW
Washington, DC 20001
jason.ross@arnoldporter.com

| | |
|---|---|
| Dated: February 12, 2026 | *s/ David R. Osborne* |
| | **David R. Osborne** |
| | Florida Bar No. 70186 |
| | Email: dosborne@goldsteinlp.com |
| | Goldstein Law Partners, LLC |
| | 1200 Riverplace Blvd., Suite 105-1110 |
| | Jacksonville, FL 32207 |
| | Telephone: 610-949-0444 |
| | Facsimile: 215-257-1910 |
| | *Counsel for Brenda Fam* |