**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SUBPOENA DUCES TECUM IN A CIVIL ACTION** | ) | |
| **Issued By** | ) | |
| **JESSICA NORTON** | ) | **Case No. 3:26-mc-00008** <br> **Judge Eli J. Richardson** |
| **To** | ) | |
| **BRENDA FAM,** | ) | |
| **In the Following Case:** | ) | |

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **JESSICA NORTON,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:26-mc-00008** |
| **BROWARD COUNTY SCHOOL BOARD, et al.,** | ) | |
| **Defendants.** | ) | |

## MOVANT BRENDA FAM'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH NONPARTY SUBPOENA OR FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Local Rule 7.01(a)(4), Movant Brenda Fam ("Movant") hereby replies in support of her Motion to Quash Nonparty Subpoena or for Entry of Protective Order ("Motion"), as follows:

## I. INTRODUCTION

Although Plaintiff Jessica Norton ("Plaintiff") appears to have effected personal service on Movant, Plaintiff's subpoena remains an overbroad and disproportionate fishing expedition directed to a nonparty who resigned from Defendant Broward County School Board ("School Board") in May 2025, turned in her School Board devices, no longer has access to official School Board records, and is under medical restrictions limiting screen time. (Declaration of Brenda Fam in Support of Motion to Quash ¶¶ 2, 4, 9, Dkt. No. 1-2, ("Fam Decl.").) The Motion should be granted.

## II. THE SUBPOENA IS UNDULY BURDENSOME AND DISPROPORTIONATE

Federal Rule of Civil Procedure 45 incorporates Rule 26(b)(1)'s proportionality limits and requires the issuing party to avoid imposing undue burden and significant expense on a nonparty. Plaintiff's contention—that "some burden" is always acceptable—misses the point. (Response to Motion to Quash at 10, Dkt. No. 10.) The question, especially for a nonparty, is whether the burden is undue and whether the requests are proportional. *See Universal Delaware, Inc. v. Comidata Network, Inc.*, No. 3:10-MC-00104, 2011 WL 1085180, at *2 (M.D. Tenn. Mar. 21, 2011) ("[W]here, as here, discovery is sought from a non party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party." (quoting *Fears v. Wilhelmina Model Agency, Inc.,* 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004)).

### A. Plaintiff Seeks School Board Records that Movant That Are Available From Parties to the Underlying Litigation

Movant resigned in May 2025, turned in her School Board-issued devices, and no longer has access to official School Board records. Fam Decl. ¶ 4. Yet Norton demands "all documents" relating to the School Board's committee proceedings, investigations, agenda decisions, contract renewal, and discipline decision. (Subpoena to Produce Documents at 11−12, Dkt. No. 1-1 ("Non-Party Subpoena").) These requests are primarily aimed at official, institutional records—precisely the kind of discovery Norton can (and likely does) seek from the School Board itself. Fam Decl. ¶ 10. Rule 45 should not be used to duplicate or circumvent party discovery by forcing a former public official—now a private citizen—to conduct a broad search for records already in the parties' possession. *See Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408–09 (E.D. Mich. 2019) ("[C]ourts in this circuit have repeatedly . . . quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation.").

### B. Norton's Request for Social Media Posts and Private Messages is Facially Overbroad and Intrusive

Norton's most expansive demand seeks "all messages and posts" on "any social media platform," "whether public or private," relating to a long list of topics including "transgender people," "gender identity," "gender dysphoria," "biological sex," laws in "any other state," and multiple investigations and proceedings—covering nearly five years. (Non-Party Subpoena at 11−12.) Norton's request is not limited to Ms. Norton,

her child, the underlying lawsuit, or communications with School Board actors. It demands private messages "to anyone" about highly charged issues and would predictably sweep in sensitive information about third parties. (Fam Decl. ¶¶ 8, 12.)

Norton attempts to reframe the request as "narrowly tailored" to prove causation. (Response to Motion to Quash at 5–8.). Norton thinks her request is proportionate on the basis that certain items may prove Movant was somehow privately hostile to certain groups of people (not necessarily Norton or her child). But forcing Movant to hire someone[1] to search through five years' worth of posts and messages on every social media platform she has used for every item that merely "relate[s] to" topics of public and private interest would be costly and burdensome. And even if Movant's private hostility could be proven from her social media usage, it would be far less probative than comments made out loud, in public meetings, and/or in relation to Norton or her child.[2]

---

[1] Given her doctor's orders to refrain from extended time looking at computer screens.

[2] Imagine, for example, Movant used social media to publicly post the United States Supreme Court's recent decision on parental rights and transgender students, perhaps with accompanying text like "I agree with SCOTUS on this one." What would that prove? Now imagine Movant made hundreds of similar posts over the last six years. Should Movant be made to locate them all, print or electronically capture them, shuffle them into a file, and ask counsel to review them all, at her expense, before turning them over?

If Norton considers the probative value of social media posts this high, she should subpoena social media companies and ask them to collect Movant's public (or once-public) posts and turn them over. Movant should not have to bear this burden.

### C. Alternatively, Any Discovery Should Be Narrowed and Cost-Shifted

Should this Court permit any production, it should be limited to what is truly proportional and unavailable to Norton from parties to the underlying litigation, with costs shifted as required to protect a nonparty from significant expense. Fed. R. Civ. P. 45(d)(2)(B)(ii). At minimum, the Court should: (1) limit social media production to Movant's public posts that specifically refer to Norton, her child, the underlying lawsuit, or the School Board's discipline proceedings, during the narrow period November 1, 2023 through July 30, 2024, and exclude private messages absent a particularized showing and a targeted request; (2) limit requests for School Board records to specific records unavailable from the School Board; and (3) require Norton to bear reasonable costs of any necessary collection, vendor assistance, and attorney review.

## III. CONCLUSION

For these reasons, Movant respectfully requests that the Court grant the Motion. Alternatively, Movant requests entry of a protective order substantially narrowing the scope of the Non-Party Subpoena and shifting costs as required to protect Movant from undue burden.

Respectfully submitted,

Dated: March 6, 2026

*/s/ David R. Osborne*
Andy Wilson (BPR 040532)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
1221 Broadway, Suite 2100
Nashville, TN 37203
Telephone: 615-981-1041
Email: awilson@holtzmanvogel.com

David R. Osborne (*pro hac vice pending*)
Fla. Attorney I.D. No. 70186
GOLDSTEIN LAW PARTNERS, LLC
1200 Riverplace Blvd., Suite 105-1110
Jacksonville, Florida 32207
Telephone: 610-949-0444
Email: dosborne@goldsteinlp.com
*Counsel for Movant Brenda Fam*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has on this date been served using the Court's Electronic Filing System, which will send electronic notification of said filing to all counsel of record in this matter.

Dated: March 6, 2026

*/s/ David R. Osborne*

**David R. Osborne**
Fla. Attorney I.D. No. 70186

Email: dosborne@goldsteinlp.com
GOLDSTEIN LAW PARTNERS, LLC
1200 Riverplace Blvd., Suite 105-1110
Jacksonville, Florida 32207
Telephone: 610-949-0444
*Counsel for Movant Brenda Fam*