IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRENDA FAM,                          )
                                     )
    Movant,                      )
                                     )
                                     )      NO. 3:26-mc-00008
v.                                   )
                                     )      JUDGE RICHARDSON
JESSICA NORTON,                      )
                                     )
    Respondent.                  )
                                     )

## ORDER

Pending before the Court[1] is the report and recommendation (Doc. No. 18, "R&R") of the

Magistrate Judge, which recommends that movant Brenda Fam's ("Fam") motion to quash[2] (Doc.

No. 1, Motion to Quash") the nonparty subpoena issued by respondent Jessica Norton's ("Norton")

be granted in part and denied in part. (Doc. No. 18 at 10). More specifically, the R&R recommends

that the subpoena be modified consistent with the terms of the R&R and that movant Fam be given

30 days from adoption of the R&R to comply with the subpoena as modified. (*Id.* at 3 and 10). No

objections to the R&R have been filed and the time for filing objections has now expired.[3]

---

[1] Herein, except when quoting the R&R wherein the Magistrate Judge refers to himself as "the Court," "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] As explained by the Magistrate Judge in the R&R, although a "motion to quash a subpoena usually is a non-dispositive matter when it is filed in the context of a larger case," when "a motion to quash [instead] is the entire proceeding as it is here, resolution of the motion will terminate the proceeding." (Doc. No. 18 at 1 n.1 (citing *See Nat'l Lab. Rels. Bd. v. NPC Int'l, Inc.*, No. 13-0010, 2017 WL 634713, at *3 (W.D. Tenn. Feb. 16, 2017) ("Once an order is entered in this matter, the entirety of the dispute that is before this Court will be resolved. Therefore, the application to enforce the subpoena is dispositive, and the magistrate judge only had authority to render a report and recommendation.")). Therefore, the Magistrate Judge elected to address the motion by report and recommendation.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. The R&R was filed on April 16, 2026. As of May 8, 2026, neither party has filed any objections.

Absent any objection to the background section (regarding the factual background and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that section in its entirety and includes it here for reference:

> On February 17, 2026, respondent Jessica Norton (Norton) served movant Brenda Fam (Fam) with a subpoena duces tecum (Doc. No. 17-1) in connection with *Norton v. Broward County School Board et al.*, No. 0:24-cv-61874 (S.D. Fla.) (the Florida Case). Through the subpoena, Norton seeks documents that she believes are relevant to her allegations in the Florida Case that the Broward County School Board retaliated against her for litigating against the state's Fairness in Women's Sports Act, Fla. Stat. Ann. § 1006.205. The litigation ultimately was dismissed, *see generally D.N. by Jessica N. v. DeSantis*, 762 F. Supp. 3d 1219 (S.D. Fla. 2024), and Norton did not appeal, but the Broward County School Board allegedly imposed adverse employment actions on Norton anyway.
>
> Fam objected to the scope of the subpoena and filed the pending motion to quash it. (Doc. No. 1.) According to the joint statement that the parties have filed (Doc. No. 17), Fam believes that most if not all of the documents requested in the subpoena are available in other ways. Given the availability of the information elsewhere, Fam also asserts that her medical condition and limited technological proficiency could cause her an undue burden if she had to take the time and effort to comply with the subpoena. Norton takes the position that Magistrate Judge Patrick Hunt's March 24, 2026 order to compel in the Florida Case (Florida Case, Doc. No. 91) confirms the relevance of the documents sought in the subpoena. Norton also asserts that Fam has not yet attempted to gather any documents and is basing her motion only on the burden of searching for documents. Discovery in the Florida Case currently is set to conclude on July 21, 2026. (Florida Case, Doc. No. 75 at 2.)

(Doc. No. 18 at 1-2). The Magistrate Judge concluded that the Motion to Quash should be granted in part and denied in part and specifically recommended that the terms of the subpoena be modified consistent with the following discussion in the R&R:

> 1) *All Documents relating to the Broward County School Board's Public Schools Professional Standards Committee's consideration of the investigation into Plaintiff.*
>
> Norton has failed to explain why the committee in question would not have its own records of what it did to investigate her. *Cf. Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (motion to quash subpoena granted, where plaintiff possessed many of the documents sought from the nonparty). Norton also has made

no showing that she has communicated with the committee about its records and that the committee has suggested that Fam has materials that it does not. Until Norton demonstrates that Fam is the only or most convenient source of committee records, the Court recommends granting Fam's motion and quashing this request in its entirety.

2) *All Documents relating to* D.N. et al v. Florida State Board of Education, et al. *, Case No. 21-61344-CIV-ALTMAN/Hunt, United States District Court Southern District of Florida.*

In the context of a reference to a particular case in a federal district court, and without a narrower definition from Norton, this request has two plausible interpretations. To the extent that the Court can interpret this request to refer to documents in the docket for the case, Norton can obtain those documents from the CM/ECF system for the Southern District of Florida. *Cf. Med. Billing, Inc. v. Med. Mgmt. Scis., Inc.*, 169 F.R.D. 325, 332 (N.D. Ohio 1996) (motion to quash granted, where subpoena sought documents available in the district court case file). To the extent that the Court can interpret this request to refer to discovery or other litigation materials from that case, Norton has not explained why she, as the lead plaintiff in that case, would not have those materials, but Fam, as a nonparty who never appeared, would have them. The Court recommends granting Fam's motion and quashing this request in its entirety.

3) *All Documents (including all messages and posts) created or shared by You on any social media platform-including, but not limited to, Facebook, Instagram, X (formerly Twitter), Tiktok, Discord, Twitch, Parler, and Telegram-whether public or private relating to any of the following: a. Transgender people; b. Gender identity; c. Gender dysphoria; d. SB 1028; e. Biological sex; f. Sex assigned at birth; g. Laws, regulations, or policies proposed or passed in any other state or jurisdiction relating to the participation of trans gender students in school sports; h. Participation of trans gender students in school sports; i) The SIU's investigation into Plaintiff; j. The Florida Department of Education's investigation into Plaintiff; k. The Broward County School Board's consideration of Plaintiff's recommended discipline; l. Broward County School Board meetings where Plaintiff's discipline was discussed; m. This Action; n. D.N. et al v. Florida State Board of Education, et al., Case No. 21-61344-CIVALTMAN/Hunt, United States District Court Southern District of Florida; o. Plaintiff; [and] p. Plaintiff's child.*

Magistrate Judge Hunt ruled that production from the Broward County School Board would be necessary for an identical list of topics. The Court sees no reason to interfere with Magistrate Judge Hunt's rationale that discovery for the above topics generally might be relevant in the Florida Case. Because the subpoena here, however, is directed to Fam and not to the Broward County School Board, two restrictions will be necessary. First, the request needs to be limited temporally. For the claims in the Florida Case that survived dismissal, the general theory of liability appears to be that "Norton has established a plausible causal nexus between her

protected activity and the School Board's allegedly retaliatory action." (Florida Case, Doc. No. 70 at 10.) The timeframe for the alleged retaliation could not exceed the time between June 29, 2021, when Norton filed suit to challenge the Florida statute, and May 1, 2025, when Fam resigned from the Broward County School Board (Doc. No. 1 at 3) and no longer was in a position to influence how the board treated Norton. Second, the request needs to be limited to social-media accounts in which Fam was the account holder between June 29, 2021 and May 1, 2025. Discovery requests for content posted in the accounts of the Broward County School Board or others should be directed to those account holders. With these two restrictions in place, the discovery request may proceed. The Court accordingly recommends granting Fam's motion in part to modify this request as described above.

4) *All Documents, including Your notes, relating to the decision to remove consideration of Plaintiff's discipline from the agenda for the May 21, 2024 School Board meeting.*

Despite the general instructions that accompanied the subpoena, this request needs to be modified to clarify that Fam is not responsible for documents not in her personal possession. The request also should clarify that the emphasis here is gaining insight into how and why the decision was made; incidental references to the decision in documents that otherwise have nothing to do with the decision-making process would not be valuable. Accordingly, the request should be narrowed as follows: "Draft and final agendas in your possession of the May 21, 2024 School Board meeting; plus any email messages, text messages, social-media postings, personal notes, or other documents in your possession that refer in any way to those draft and final agendas and to the decision to remove consideration of Plaintiff's discipline from the agenda for the May 21, 2024 School Board meeting." As narrowed, the discovery request may proceed. The Court accordingly recommends granting Fam's motion in part to modify this request as described above.

5) *All Documents, including Your notes, relating to the decision to remove consideration of Plaintiff's discipline from the agenda for the June 18, 2024 School Board meeting.*

For the same reasons discussed with the fourth request, this request should be narrowed as follows: "Draft and final agendas in your possession of the June 18, 2024 School Board meeting; plus any email messages, text messages, social-media postings, personal notes, or other documents in your possession that refer in any way to those draft and final agendas and to the decision to remove consideration of Plaintiff's discipline from the agenda for the June 18, 2024 School Board meeting." The Court accordingly recommends granting Fam's motion in part to modify this request as described above.

6) *All Documents relating to the decision to renew Plaintiff's employment contract, as approved at the June 18, 2024 School Board meeting.*

Fam was dismissed from the Florida case because "[w]hile Fam [was] a member of the School Board, which *did* take adverse employment action against Norton, we can't hold Fam individually responsible for the School Board's decisions because she alone was not the final decisionmaker." (Florida Case, Doc. No. 70 at 13.) The Broward County School Board would have made the decision to renew the contract in question and would be the best source for documents pertaining to that decision. This request thus should be narrowed as follows: "Email messages, text messages, social-media postings, personal notes, or other documents in your possession that refer in any way to the decision to renew Plaintiff's employment contract, as approved at the June 18, 2024 School Board meeting." The Court accordingly recommends granting Fam's motion in part to modify this request as described above.

7) *All Documents provided to You relating to the SIU's [Broward County Special Investigations Unit] investigation into Plaintiff.*

Unless Norton establishes otherwise, any documents provided to Fam regarding the investigation in question presumably would have been provided by the Broward County School Board or by its investigations unit. *Cf. Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09- 50630, 2009 WL 2351769, at *2 (E.D. Mich. July 28, 2009) (in a case between beverage distributors, defendant's subpoena to advertising agency quashed where it sought "all documents and things that refer or relate to any market research, marketing plans, consumer surveys, concept tests, pricing tests, usage and attitude studies, customer satisfaction studies, and/or community surveys and opinion polls that refer or relate in any way to ENERGY DRINK(S)"; request was overbroad and more properly directed to plaintiff). The school board or the investigation unit thus should be approached first as a more viable source of the documents requested. The Court accordingly recommends granting Fam's motion and quashing this request in its entirety.

8) *All Documents considered by You in connection with the Broward County School Board's decision concerning discipline of Plaintiff.*

This request runs into the same problem that the Court discussed with the sixth request above. Fam was not the final decision maker for any actions that the Broward County School Board took that are the subject of Norton's claims in the Florida Case. The terms "considered" and "in connection with" thus are impermissibly vague because Norton has not explained what action Fam took that would have required her to consider any particular documents. The Court accordingly recommends granting Fam's motion and quashing this request in its entirety.

9) *All Documents relating to Plaintiff or Plaintiff's child.*

Within only the bounds of the general instructions that accompanied the

subpoena, this request would require Fam to conduct an unlimited search about Norton and her child. "Blanket requests of this kind are plainly overbroad and impermissible." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (quashing a request for "all documents and communications, whether paper, electronic or other media, referring or relating to Phillip Henry including but not limited to personnel files, disciplinary files, and any other employment documents or records") (citations omitted), *cited in Queen v. City of Bowling Green*, No. 1:16CV-00131-JHM, 2017 WL 4355689, at *5 (W.D. Ky. Sept. 29, 2017) (modifying a subpoena request in an employment discrimination case for a "complete personnel file" and limiting the request to relevant performance reviews, evaluations, and complaints). *See also Long v. Tennessee Valley Auth.*, No. 3:09-CV-114, 2009 WL 10710417, at *4 (E.D. Tenn. Sept. 18, 2009) (subpoena quashed, *inter alia*, for using "omnibus language and inclusive phrases" such as "any and all documents concerning any of the issues or items identified" that could "find information and documents which are not relevant to the current issues in this case") (citations omitted). The Court accordingly recommends granting Fam's motion and quashing this request in its entirety.

10) *All Documents (including messages) relating to Your July 27, 2024 Facebook post in which you requested that individuals "reach out and don't suffer in silence."*

Assuming that Fam made the post in question in a personal social-media account, the request is impermissibly vague in that it does not explain what sort of relation is contemplated and whether it includes documents generated by others who should be approached first. Nonetheless, the request can be modified as follows: "With respect to Your July 27, 2024 Facebook post in which you requested that individuals 'reach out and don't suffer in silence,' any responses that you received to that post, and any replies that you issued to those responses, whether by email, social media, or other means of communication." The Court recommends granting Fam's motion in part to modify this request as described above.

11) *All Documents in Your possession during the July 30, 2024 School Board meeting.*

The Court interprets this request to mean that Norton wants copies of any documents that Fam took with her to the meeting in question—meaning hard copies in Fam's immediate physical possession or electronic documents that Fam labeled, logged into, or designated for immediate access if necessary during the meeting. Limited to that interpretation, the request may proceed. The Court recommends granting Fam's motion in part to modify this request as described above.

12) *All notes You took during the July 30, 2024 School Board meeting.*

Compliance with this request should be straightforward. Either Fam took

notes during the meeting in question or she did not; and if she did then she should produce those notes unless an as-yet unspecified privilege or other exception applies. The Court recommends denying Fam's motion with respect to this request.

(Doc. No. 18 at 3-10). No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 18) is adopted and approved. Accordingly, the Motion to Quash (Doc. No. 1) is **GRANTED in part and DENIED in part**, and the subpoena is

modified consistent with the terms outlined in R&R, which was also included above for reference. Fam shall have thirty (30) days from entry of this order to comply with the subpoena as modified. Norton shall file a notice not later than thirty-five (35) days from entry of this order that either (i) advises the Cort that Fam has complied fully with the subpoena as modified, such that this case may be closed; or (ii) provides a status update.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE